IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON NELSON, #23021558, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-441-S-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On February 5, 2024, Petitioner Byron Nelson, a Dallas County Jail inmate, initiated the action by filing a *pro se* letter complaining of his recent DWI conviction. Doc. 3. The Court liberally construes the filing as a petition for habeas corpus under 28 U.S.C. § 2254, which, for the reasons detailed here, should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

On January 9, 2024, a jury found Nelson guilty of the charge of driving while intoxicated following two or more previous convictions for the same, and he was sentenced to 10 years' imprisonment. Doc. 3; *State v. Nelson*, No. F22-55497 (292nd Jud. Dist. Court, Dallas Cnty.,

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

Jan. 9, 2024). Online records indicate that a motion for new trial and a notice of appeal were filed by his court appointed counsel on January 10, 2024. *Id.*; *State of Texas v. Nelson*, No. 05-24-00052-CR (Tex. App.—Dallas).[2]

As best the Court can glean from the petition, Nelson states he writes "to request any information regarding a violation of my civil rights."[3] Doc. 3 at 1. Nelson also complains that he: (1) was sentenced to the statutory maximum term of 10 years, and (2) was represented at trial by the same appointed counsel he had sought to have removed from his case. Doc. 3 at 1. Nelson adds that he "had a claim against the judge as well," and that he filed a pretrial state habeas corpus application under article 11.08 that was never ruled on. Doc. 3 at 1-2.

Upon review, because Nelson's direct appeal is pending, the Court concludes that his construed habeas petition is unexhausted and should be dismissed.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the

---

[2] The county court docket sheets are available on the Dallas County website by entering No. F2255497 at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29, and on the Court of Appeals website by entering No. 05-24-00052-CR at https://search.txcourts.gov/CaseSearch.aspx?coa=coa05&s=c (last accessed on Feb. 27, 2024).

[3] Nelson's previous civil rights action filed in this Court was stayed and administratively closed based on the *Younger* abstention doctrine *See Nelson v. State*, No. 3:23-CV-2693-G-BN (N.D. Tex. Dec. 14, 2023) (instructing Nelson "that (1) he must file a motion to reopen the case within 60 days after entry of judgment in the applicable state criminal court case and (2) the failure to do so may result in the dismissal without prejudice of this case for failure to prosecute and/or comply with an order of the Court").

substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Courts may consider the exhaustion requirement *sua sponte*. See *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Here, Nelson has not satisfied the exhaustion requirement. A review of his construed § 2254 petition and the applicable state court online records confirm that a direct criminal appeal from the January 9, 2024 judgment of conviction is pending before the Texas Fifth Court of Appeals at Dallas. Thus, it is clear that the Texas Court of Criminal Appeals has not had an opportunity to consider Nelson's claims and, therefore, they remain unexhausted.

### III.  CONCLUSION

Nelson's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[4]

**SO RECOMMENDED** on March 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[4] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to any habeas petition that has been or will be filed in this court.  *See* 28 U.S.C. § 2244(d).

4